**STATE of Missouri, Respondent,**

v.

**Michael BEASLEY, Appellant.**

**No. WD 31835.**

Missouri Court of Appeals, Western District.

Dec. 22, 1981.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Steve H. Akre, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The defendant Beasley was convicted of robbery second degree under § 569.030 for the stealth by force of a motor vehicle and was sentenced to a term of fifteen years. The offense was submitted to the jury by MAI-CR2d 23.04. The defendant tendered Instruction D to define terms in the robbery second degree form submission, but the court refused.

The defendant does not complain that the evidence failed to prove the offense. He contends only that, by the prescriptions of Notes on Use 3 to MAI-CR2d 23.04, a court has option only to submit the definition of terms used in that model instruction if requested in written form by a party, and so the refusal of the Instruction D tender was prejudicial.

Notes on Use 3 to Robbery in the Second Degree MAI-CR2d 23.04 sets down:

The following terms, if used in any of the instructions or in any definition given by the court of any other word or phrase, may be defined on the court's own motion, and must be defined upon written request in proper form by the state or by the defendant:

"appropriate"
"deprived"
"of another"
"property"
"stole." [emphasis added]

The court submitted robbery second degree on the model of MAI-CR2d 23.04 as conformed to the evidence by Instruction No. 7:

[I]f you find and believe from the evidence beyond a reasonable doubt:

First, that on November 1, 1979 in the County of Jackson, State of Missouri, the defendant *stole* a 1970 blue Plymouth Duster owned by Jean Lee, and

Second, that the defendant in so doing threatened the immediate use of physical force on or against Jean Lee for the purpose of forcing Jean Lee to deliver up the *property*,

then you will find the defendant guilty under Count I of robbery in the second degree. [emphasis added]

The defendant was entitled as of right to definitions of *stole* and *property* upon a written request in proper form. Notes on Use 3 to MAI-CR2d 23.04. The definition of *stole*,[1] in turn, employs *appropriate, of another*, and *deprive*—each a term to be separately defined by the court upon written request in proper form, according to the encompassed prescription of Notes on Use 3 to MAI-CR2d 23.04. Instruction D tenders for definition not only each of those terms, but also *tamper*. Tamper, however, is not a term of instruction under MAI-CR2d 23.04 for robbery second degree, nor a term used in conformed Instruction No. 7. The gist of robbery second degree is the forcible stealth of property. § 569.030. The term has no sanction for a robbery second degree submission under § 569.030 nor as a word on which the court must instruct. It is the *appropriation* of the property of another. *Tamper*[2] is extraneous to that definition, and hence to that proof.

Failure to give an instruction form required by any applicable Notes on Use constitutes error, the prejudicial effect to be judicially determined. Rule 28.02(e). Instruction D insinuated a term, neither employed by Instruction No. 7 nor enumerated for definition by the Notes on Use 3 to MAI-CR2d 23.04, and therefore was not "a written request in proper form" a court must heed.

The judgment is affirmed.

All concur.

---

1. "*Stole.*

Past tense of steal, which means to *appropriate* property or services *of another* with the purpose to *deprive* him thereof, either without his consent or by means of deceit or coercion." MAI-CR2d 33.01; § 570.030.1 [emphasis added]

2. "*Tamper.*

[M]eans to interfere with something improperly, to meddle with it, displace it, make unwarranted alterations in its existing condition, or to deprive, temporarily, the owner or possessor of that thing." MAI-CR2d 33.01; § 569.010(7).